```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

**RODNEY J. GLOVER**                                        **CIVIL ACTION**

**VERSUS**                                                  **NO. 15-2832**

**AUCTION.COM, ET AL.**                                     **SECTION "B"(3)**

<u>**ORDER AND REASONS**</u>

I.   <u>**NATURE OF THE MOTION AND RELIEF SOUGHT**</u>

Before the Court is a Rule 12(b)(6) Motion to Dismiss (Rec. Doc. No. 16) filed by Defendant Auction.com (hereinafter "Defendant"). Defendant contends that all claims asserted by Rodney Glover (hereinafter "Plaintiff" or "Glover") against Auction.com should be dismissed in their entirety. Plaintiff, representing himself *pro se*, failed to file a response.

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

II.  <u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

This case arises out of Plaintiff's attempt to purchase property located at 4313 Woodland Dr. in New Orleans, Louisiana through an online auction. Plaintiff initially filed suit on July 21, 2015 against Auction.com and four other defendants: the Sewerage and Water Board of New Orleans, the Orleans Parish Sheriff's Office, Fannie Mae, and the New Orleans Police Department. (Rec. Doc. No. 1). However, this Motion only concerns Auction.com. Jurisdiction is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

Plaintiff alleges that he won the online auction with a bid of $28,000 on February 12, 2014. (Rec. Doc. No. 1 at 1). Three days later, Plaintiff allegedly signed a $30,500 purchase contract, consisting of the price plus closing fees, with the seller, Fannie Mae. (Rec. Doc. No. 1 at 1). Thereafter, on March 17, Plaintiff claims that he wired $31,000 to PNC Bank, which was identified by Service Link, LLC (the Title Company) as the seller's bank.[1] (Rec. Doc. No. 1 at 1). Plaintiff also claims that another purchase agreement was signed on that day.[2] (Rec. Doc. No. 1 at 1).

Approximately two days later, Plaintiff claims that ServiceLink notified him of an alleged error in the HUD-1 Settlement Statement in the amount of $1,400. (Rec. Doc. No. 1 at 1). Plaintiff contends that he asked for documentation of the error in the Settlement Statement but received only a verbal notification that the error concerned line item 106—Property Taxes. (Rec. Doc.

---

[1] Throughout Plaintiff's complaint, he seems to use the names Auction.com and Servicelink, LLC interchangeably. At one point he refers to ServiceLink as an agent of Auction.com, and at another point, he refers to them as the same company, with one name being used for "front end" aspects of real estate transactions and another name used for "back end" aspects. Defendant, Auction.com, requests that this Court take judicial notice of the fact that ServiceLink, LLC and Auction.com are distinct legal entities. Pursuant to Federal Rule of Evidence 201(c)(2) and the supporting documentation provided by Defendant, this Court must, and does, take judicial notice of the fact that ServiceLink and Auction.com are distinct legal entities. Even so, Plaintiff still alleges that ServiceLink acted as the agent of Auction.com throughout its dealings with Plaintiff. Taking Plaintiff's allegations as true solely for the purpose of this Motion to Dismiss, and applying the leniency granted to *pro se* litigants, all allegations made by Plaintiff against ServiceLink are imputed to Auction.com.
[2] The document referred to here by Plaintiff is seemingly the deed that is at the forefront of much of this litigation.

2

No. 1 at 2). It is unclear exactly what documentation Plaintiff sought (as he possessed a copy of the Settlement Statement) and why the verbal notification was insufficient. In any event, Plaintiff disagreed with the alleged error despite having signed the document. (Rec. Doc. No. 16-2 at 10). Supposedly, either Auction.com or ServiceLink then terminated the March 17th purchase agreement because of the issue with the HUD-1 statement. (Rec. Doc. No. 1 at 2).

Plaintiff repeatedly asserts that Defendant's stated ground for never fully consummating the transaction was the error within the Settlement Statement. (Rec. Doc. No. 1 at 2). However, he fails to acknowledge the more apparent issue: that due to the alleged mistake in the Settlement Statement, ServiceLink claimed that he owed an additional $1,400, which he refused to tender. Nevertheless, Plaintiff contends that no grounds exist for terminating the purchase agreement, as issues with the Settlement Statement should be resolved through "normal binding dispute procedures of HUD-1 errors and omissions." (Rec. Doc. No. 1 at 2).

For months, Plaintiff continually demanded that ServiceLink record the deed to the property. (Rec. Doc. No. 1 at 2). ServiceLink apparently refused on the grounds of the remaining issue with the HUD-1 Settlement Statement and outstanding funds. *See* (Rec. Doc. No. 1 at 2). Furthermore, Plaintiff contends that ServiceLink and/or Auction.com destroyed the deed, making it

3

impossible for them to record it. (Rec. Doc. No. 1 at 2). State court litigation ensued.

On October 22, 2014, Plaintiff filed a petition in state court requesting that the court order ServiceLink to record the deed with the City of New Orleans. (Rec. Doc. No. 16-2 at 5). On March 13, 2015, the court granted ServiceLink's Motion for Summary Judgment and dismissed Glover's lawsuit. (Rec. Doc. No. 16-2 at 7). There is also a pending state court lawsuit filed by Fannie Mae against Glover. (Rec. Doc. No. 16-2 at 8-17). Evidently, Glover recorded a copy of the deed himself, which allowed him to gain access to the property, turn on the utilities, and ultimately rent out the property to a third party. (Rec. Doc. No. 16-1 at 6). On January 2, 2015, Glover was apparently arrested for this activity. After learning of this sequence of events, Fannie Mae filed suit to clear the instrument recorded by Glover from the records. (Rec. Doc. No. 16-2 at 8-17). This lawsuit remains pending. Mr. Glover now seeks relief in federal court.

### III. **THE PARTIES' CONTENTIONS**

In his complaint, Glover seems to assert five separate claims against Auction.com: (1) intentionally destroying public documents in violation of 18 U.S.C. §2071; (2) failing to maintain real estate documents for at least five years in violation of Louisiana Real Estate Commission rules; (3) defamation in the form of slander and libel by presenting false reasons for refusing to record the

property deed; (4) discrimination against Plaintiff because he is African-American; and (5) violation of the privacy act by disclosing private information to outside parties who were not involved with the transaction. (Rec. Doc. No. 1 at 3-5).

Auction.com's Motion to Dismiss responds to each claim in turn. First, Auction.com contends that Plaintiff's first claim should be dismissed because there is no private right of action under 18 U.S.C. §2071. (Rec. Doc. No. 16-1 at 9). Second, Auction.com asserts that there is no rule under either the Louisiana Real Estate Commission rules or relevant Louisiana statutes that provides Glover a cause of action for Auction.com's alleged failure to maintain the deed for five years. (Rec. Doc. No. 16-1 at 10). Third, with respect to defamation, Auction.com contends that Glover's allegations do not satisfy the elements of libel because he does not allege any statement against the Defendant in print, writing, pictures, or signs. (Rec. Doc. No. 16-1 at 11). Additionally, Defendant contends that the allegations do not meet the elements for slander either, because Glover does not allege actual malice, he does not claim that the statements caused him any damage, and the statements allegedly made by Auction.com were in fact true. (Rec. Doc. No. 16-1 at 11-12).

Fourth, Auction.com argues that, while Glover provides no specific legal basis for his discrimination claim, his allegations cannot support a discrimination claim on any conceivable basis.

5

(Rec. Doc. No. 16-1 at 12-14). Finally, Auction.com asserts that Glover's claim under the Privacy Act fails because the Privacy Act only authorizes lawsuits against federal agencies. (Rec. Doc. No. 16-1 at 14). Moreover, the complaint lacks any specifics as to what private information was disclosed and to whom Auction.com allegedly disclosed it. (Rec. Doc. No. 16-1 at 14-15). For these reasons, Auction.com seeks to have all claims against it dismissed. Glover failed to file a response to Auction.com's Motion to Dismiss, and thus, the adequacy of his claims will be judged on the complaint alone.

## IV.   LAW AND ANALYSIS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party can move to dismiss a complaint for failure to state a claim upon which relief can be granted. Such motions are viewed with disfavor and rarely granted. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d

6

600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, *pro se* complaints are "construed liberally," *Johnson v. Watkins*, 999 F.2d 99, 100 (5th Cir. 1993), and they are "held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 987 (5th Cir. 1981)). Nevertheless, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (quoting *S. Christian Leadership Conference v. Supreme Court of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001)).

It is under these standards that Glover's complaint will be assessed, beginning with his first claim that Auction.com violated 18 U.S.C. §2071 by destroying the deed.

### a. 18 U.S.C. §2071

In his complaint, Glover alleges that Auction.com "violated US Code 2011-Title 18-Sec 2071 by intentionally destroying public documents." (Rec. Doc. No. 1 at 3). 18 U.S.C. §2071 provides:

> (a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or with intent to do so takes and carries

7

> away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, *shall be fined under this title or imprisoned not more than three years, or both*.
>
> (b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, *shall be fined under this title or imprisoned not more than three years, or both*; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States.

(emphasis added). While the statute undoubtedly prohibits the act of destroying certain records, it only creates criminal penalties for the prohibited acts. It does not create a private right of action for individuals such as Mr. Glover. *See Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (noting that 18 U.S.C. §2071, among other sections of Title 18, does not provide a civil right of action); *In re Visser*, 968 F.2d 1319, 1323 (D.D.C. 1992) (noting that 18 U.S.C. §2071 provides for federal felonies). Accordingly, Defendant correctly asserts that Plaintiff's claim under 18 U.S.C. §2071 must be dismissed as it does not state a claim on which relief can be granted.

### b. Louisiana Real Estate Commission Rules

Plaintiff contends that Auction.com violated Louisiana Real Estate Commission rules by not maintaining real estate documents

for a period of five years. While Plaintiff's complaint does not specify a precise rule that Auction.com violated, a review of the rules and regulations adopted by the Louisiana Real Estate Commission reveals only one rule to which Plaintiff may be referring.

Under La. Admin. Code tit. 46, pt. LXVII, §5727, "[e]very developer shall retain, for at least five years, readily available and properly indexed copies of all documents which in any way pertain to the sale or solicitations of timeshare interests in which he has acted as a developer." However, §5727 cannot provide Plaintiff with the relief he seeks. First, §5727 does not apply to Auction.com because the company did not develop the property in question. It simply brokered the alleged sale between Fannie Mae and Glover. Moreover, §5727 specifically states its application to "the sale or solicitation of timeshare interests," which have no relevancy to the contemplated transaction. Here, Glover sought to purchase property outright rather than simply purchase a timeshare. Accordingly, §5727 does not apply in this case.

Even if some rule or regulation passed by the Louisiana Real Estate Commission did apply to this exact situation, nothing within those rules and regulations appears to create a private right of action. Section 101 merely states that "any violation of these rules or regulations, or of any real estate licensing law, shall be sufficient cause for any *disciplinary action* permitted by law."

9

La. Admin. Code tit. 46, pt. LXVII, §101 (emphasis added). Considering that these rules are located within the Title covering Professional and Occupational Standards, it appears clear that they are designed as grounds for disciplining real estate professionals in order to maintain the integrity of the profession. They do not appear designed to facilitate civil litigation. Consequently, Glover's claim based on the Louisiana Real Estate Commission rules must be dismissed.

### c. Slander and Libel

Plaintiff alleges that Auction.com committed slander and libel by making false statements to public agencies when responding to questions regarding the real estate transaction with Mr. Glover. Specifically, Glover asserts that Auction.com falsely told "public agencies" that it did not record the deed because full payment was not received, rather than providing the "true reason," that the original deed had been destroyed. (Rec. Doc. No. 1 at 4).

Under Louisiana law, defamation is committed either by libel or slander. *Hardesty v. Waterworks Dist. No. 4 of Ward Four*, 954 F. Supp. 2d 461, 475 (W.D. La. 2013). "Libel is defamation which is expressed by print, writing, pictures or signs, while slander is communicated by oral expressions of transitory gestures." *Id.* (quoting *Cluse v. H&E Equip. Servs., Inc.*, 09-574 (La. App. 3 Cir. 3/31/10); 34 So. 3d 959, 970.) (internal quotations omitted). Here, Glover's libel claim clearly fails as he does not allege any

10

written communication by Auction.com to support such a claim. Glover contends that Aucton.com "verbally stated" the allegedly false reason for refusing to record the deed. Therefore, slander is the only form of defamation supportable by the facts alleged in the complaint.

Plaintiffs must show four elements to prove defamation in Louisiana: (1) publication (communication to some other person); (2) falsity; (3) malice, actual or implied; and (4) resulting injury. *Manale v. City of New Orleans, Dept. of Police*, 673 F.2d 122, 125 (5th Cir. 1982); *Bellard v. Gautreaux*, 675 F.3d 454, 464 (5th Cir. 2012). To overcome a motion to dismiss, when courts accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party, *see Baker,* 75 F.3d at 196, the complaint must plead facts consistent with each element.

Here, the publication element is met as Glover alleges that Auction.com verbally communicated to New Orleans public agencies the "false reason [for] why the [o]riginal [d]eed had not been recorded at the Land Records Office." (Rec. Doc. No. 1 at 4). Viewing that statement as true, and in a light favorable to Glover, Auction.com communicated with a third party about the deed.

The pleadings also satisfy the falsity element. According to the complaint, Auction.com told New Orleans public agencies that the deed had not been filed because the HUD-1 Settlement Statement contained errors and thus Glover owed an additional $1,400. Glover

11

maintains that this statement was false because there was no error in the HUD-1 Settlement Statement regarding property taxes, and thus no additional funds required to close the deal. (Rec. Doc. No. 1 at 2). Furthermore, he claims that the real reason for Auction.com's failure to file is that it destroyed the deed. (Rec. Doc. No. 1 at 4). Taking Plaintiff's pleadings as true, the falsity element is met. The Defendant asserts that Glover's slander claim should be dismissed because it is "perfectly true" that additional funds were owed. (Rec. Doc. No. 16-1 at 12). However, at this point in the litigation, Plaintiff's allegations are taken as true.

    Next, Auction.com asserts that Glover alleged no facts to support the malice element. (Rec. Doc. No. 16-1 at 12). "[W]here the allegedly defamatory statements are not libelous or slanderous per se, Louisiana courts require an allegation of malice." *McBeth v. United Press Int'l, Inc.*, 505 F.2d 959, 959 (5th Cir. 1974). The allegation here does not fall within the definition of slander per se as one's failure to pay another is not defamatory without consideration of other facts and circumstances. *See* 12 William E. Crawford, Louisiana Civil Law Treatise §17:9 (2d ed. 2014) ("Words are defamatory per se if they themselves have defamatory results without considering extrinsic facts and circumstances."). Thus, Glover's complaint must contain an allegation of malice. Glover states that Auction.com blamed him for failure to pay "instead of disclosing the real reason:" that they destroyed the deed. While

this statement is likely an insufficient allegation of malice in a traditional pleading by an attorney, given the requisite leniency for *pro se* pleadings, the statement appears to imply bad faith on the part of Auction.com

Finally, the complaint must contain allegations of injury resulting from the slander. Here, Glover asserts that "all other public agencies disregarded [f]ederal [c]riminal [l]aws and treated the copy of the [o]riginal [d]eed and [o]riginal HUD-1 purchase document as if they were fake and invalid." (Rec. Doc. No. at 4). All Mr. Glover has addressed is the actions supposedly taken by third parties. Other than conclusory allegations, he has failed to plead factual support relative to injury resulting from the alleged slander. As Mr. Glover's pleading has failed to meet the fourth prong the defamation standard, his slander claim must also be dismissed.

**d. Discrimination**

Plaintiff's complaint also alleges discrimination, relying on the same facts used to support the defamation claims. However, Plaintiff's only elaboration with respect to the discrimination claim is that "[b]ecause [he] was African-American, local [p]ublic [a]gencies acted as if Auction.com was valid and correct to destroy the Louisiana [r]eal [e]state documents." (Rec. Doc. No. 1 at 4). Plaintiff does not point to any specific anti-discrimination law that could provide him with a cause of action against Auction.com,

a private entity. Even if he had identified an applicable anti-discrimination law, Plaintiff provides no specific allegations as to actions taken by Auction.com that constitute discrimination. He simply states that "Auction.com committed . . . discrimination by presenting an implausible and false reason to various New Orleans public agencies" concerning its refusal to file the deed. (Rec. Doc. No. 1 at 4). He does not plead any facts relevant to discriminatory acts by Auction.com. He does claim that local public agencies discriminated against him "because [he] was African-American," but Auction.com is not a local public agency. Moreover, that claim is entirely conclusory. Ultimately, Plaintiff's discrimination claim is founded upon "legal conclusions masquerading as factual conclusions," and therefore, the claim must be dismissed. *Taylor,* 296 F.3d at 378.

    **e. The Privacy Act**

Plaintiff's final claim against Auction.com alleges a violation of the "privacy act" through the disclosure of "private information to outside parties who were not involved with the transaction." (Rec. Doc. No. 1 at 5). While Glover does not specify the act to which he refers, he is most likely referring to the Privacy Act of 1974. 5 U.S.C. §552(a). The Privacy Act prevents the disclosure of certain records, but the Act only applies to federal agencies. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *Brooks v. AAA Cooper Transp.*, 781 F. Supp.

14

2d 472, 487-88 (S.D. Tex. 2011) (finding that the Privacy Act of 1974 is applicable only to federal agencies and not private companies). It does not place restrictions on private entities such as Auction.com. *Id*. Accordingly, if it is the Privacy Act of 1974 that Glover seeks to invoke, his claim cannot withstand the Defendant's Motion.

If, instead, Plaintiff is alleging a privacy violation on state tort law grounds, then he has failed to plead sufficient facts to support any such claim. In Louisiana, the right of privacy may be invaded in four distinct ways: "1) misappropriation of a person's name or likeness; 2) intrusion upon physical solitude or seclusion; 3) placing a person in a false light before the public; and 4) unreasonable public disclosure of embarrassing private facts." *Sapia v. Regency Motors of Metairie, Inc.*, 275 F.3d 747, 751-52 (5th Cir. 2002) (citing *Jaubert v. Crowley Post-Signal, Inc.*, 375 So.2d 1386, 1388 (La. 1979)). "A privacy action is actionable in Louisiana only when a defendant's conduct is unreasonable and seriously interferes with plaintiff's privacy interests." *Id*. at 752.

In this case, Glover has failed to demonstrate how any one of the four privacy violations apply. The most obviously applicable is the false light tort, but even if that is the claim asserted here by Glover, he has failed to show unreasonableness or a serious interference with his privacy interest. All he has alleged is that

15

private information was revealed to a real estate agent. (Rec. Doc. No. 1 at 5). Considering the context of this case, it seems altogether reasonable that documents related to this transaction would be revealed to a real estate agent. Furthermore, Glover has not alleged a single fact indicating that his private life was seriously interfered with. The only allegation is that "private information" was revealed. Consequently, Plaintiff's privacy claim, whether under the Privacy Act of 1974 or state tort law, cannot withstand this Motion to Dismiss.

V.  **CONCLUSION**

For the foregoing reasons, Mr. Glover has failed to adequately state any claims upon which this Court can grant relief. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss is **GRANTED**.

New Orleans, Louisiana, this 2nd day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE