UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RODNEY J. GLOVER**                              **CIVIL ACTION**

**VERSUS**                                        **NO. 15-2832**

**AUCTION.COM, ET AL.**                           **SECTION "B"(3)**

ORDER AND REASONS

Before the Court are two Rule 12(b)(6) Motions to Dismiss (Rec. Doc. Nos. 13, 17) filed by Defendants, the New Orleans Police Department ("NOPD") and the Sewerage and Water Board of New Orleans ("S&WB"). Defendants contend that all claims asserted by Rodney Glover (hereinafter "Plaintiff" or "Glover") should be dismissed in their entirety. Plaintiff, representing himself *pro se*, filed a timely Memorandum in Opposition to NOPD's Motion to Dismiss (Rec. Doc. No. 15) and an untimely Memorandum in Opposition to the S&WB's Motion to Dismiss. (Rec. Doc. No. 19).

**IT IS ORDERED** that Defendants' Motions to Dismiss are **GRANTED**.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Plaintiff's attempt to purchase property located in New Orleans, Louisiana through an online auction. Plaintiff initially filed suit on July 21, 2015 against five defendants: Auction.com, the Sewerage and Water Board of New Orleans, the Orleans Parish Sheriff's Office, Fannie Mae, and the New Orleans Police Department. (Rec. Doc. No. 1). The Motions currently before the Court concern only the NOPD and the S&WB.

1

This Court previously granted Auction.com's Motion to Dismiss (Rec. Doc. No. 18). As that order discussed the facts of the case at greater length, only a brief recitation is required here.

Plaintiff claims to have purchased property at 4313 Woodland Dr., but a dispute over $1,400.00 arose. Plaintiff never tendered those funds, and the comprehended transaction was not completed. Thus, the title company never filed the property deed. After state court litigation ensued, Plaintiff filed his own copy of the deed, which provided him access to the property. Glover then turned on the utilities at the property and rented it out to a third party.

In October of 2014, the S&WB apparently received notification from Fannie Mae, the true owner of the property, that Plaintiff was not the legal owner. (Rec. Doc. No. 17-1 at 2). The S&WB subsequently confirmed that information and closed Mr. Glover's account for the Woodland Drive property. (Rec. Doc. No. 17-1 at 2). Thereafter, the S&WB received an application from Jane Doe, presenting evidence that she was the lawful tenant of the property. An account was opened in her name. (Rec. Doc. No. 17-1 at 3). As a result of Mr. Glover's actions regarding the property and continued interactions with the tenant at that location, the NOPD arrested Glover on multiple occasions. (Rec. Doc. No. 1).

II. **THE PARTIES' CONTENTIONS**

In his complaint, Glover asserts numerous claims against the NOPD and the S&WB. With respect to the NOPD, Glover accuses the

2

Department of false arrest, attempted false imprisonment, attempting to cause a violation of a "peace agreement," and failure to fulfill its duties by not arresting the "trespasser" for property theft. All of which allegedly caused mental anguish to Glover. NOPD's Motion seeks dismissal on the grounds that it is not an entity capable of being sued. Glover' opposition does not address this argument whatsoever.

With respect to the S&WB, Glover's primary claims against the S&WB are for violations of the "Privacy Act" in addition to libel and slander. Additionally, Glover claims that the S&WB illegally granted the "trespasser" actual possession of the property and the financial benefits of property ownership, and that the S&WB endangered his life by giving the trespasser possession of the property. The S&WB seeks dismissal on the grounds that the Privacy Act does not apply to it, that Glover's allegations do not support claims for libel or slander, and that none of the remaining allegations constitute a cause of action. Mr. Glover's untimely opposition again fails to address any of these arguments, only presenting new factual allegations unrelated to the S&WB's proposed basis for dismissal.

### III. LAW AND ANALYSIS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party can move to dismiss a complaint for failure to state a claim upon which relief can be granted. Such motions are viewed

with disfavor and rarely granted. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982)). When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1949 (2009)) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, *pro se* complaints are "construed liberally," *Johnson v. Watkins*, 999 F.2d 99, 100 (5th Cir. 1993), and they are "held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 987 (5th Cir. 1981)). Nevertheless, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (quoting *S. Christian*

4

*Leadership Conference v. Supreme Court of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001)).

It is under these standards that Glover's complaint will be assessed, beginning with his claims against the NOPD.

### a. Claims against the NOPD

In his complaint and opposition, Glover hurls a litany of allegations against the NOPD but never addresses whether it is an entity capable of being sued. In its Motion to Dismiss, the NOPD maintains that it is not.

Rule 17 of the Federal Rules of Civil Procedure provides that "capacity to be sued is determined . . . by the law of the state where the court is located." Fed. R. Civ. P. 17(b). According to Louisiana law, an entity must qualify as a juridical person to have the capacity to be sued. LA. CIV. CODE ANN. art. 24; *Dugas v. City of Breaux Bridge Police Dep't*, 757 So.2d 741, 743 (La. 2000). It is well established that police departments such as the NOPD are not juridical persons capable of being sued. *Winn v. New Orleans City*, 919 F. Supp. 2d. 743, 750 (E.D. La. 2013); *Kerr v. New Orleans Police Dep't*, 2013 WL 6019300, No. 13-525, at *1 (E.D. La. Nov. 13, 2013); *Banks v. United States*, 2007 WL 1030326, No. 05-6153, at *11 (E.D. La. Mar. 28, 2007). Accordingly, Glover

cannot maintain his action against the NOPD, and the NOPD must be dismissed as party from this suit.[1]

**b. Claims against the S&WB**

Glover's complaint first alleges that the S&WB violated the Privacy Act.

1. *The Privacy Act*

Glover contends that the S&WB violated the Privacy Act by disclosing private account information to a civil service employee, changing his permit information, and "authorizing an illegal S&WB owner account to a trespasser." (Rec. Doc. No. 1 at 5). The Privacy Act of 1974, if that is indeed the Act Glover invokes, prevents the disclosure of certain records, but the Act only applies to federal agencies. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *Brooks v. AAA Cooper Transp.*, 781 F. Supp. 2d 472, 487-88 (S.D. Tex. 2011) (finding that the Privacy Act of 1974 is applicable only to federal agencies). It does not place restrictions on private entities or state and local entities such as the S&WB. *Id*. Accordingly, if it is the Privacy Act of 1974 that Glover refers to, his claim cannot withstand the Defendant's Motion.

---

[1] Though Plaintiff has not requested it, the Court finds that granting leave to amend in order to name suable defendants would be futile based on the inadequacy of the factual allegations presented in the Plaintiff's original complaint. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) ("[L]eave to amend need not be granted when it would be futile to do so.").

If, instead, Glover alleges a privacy violation under state tort law, then he has failed to plead sufficient facts to support such a claim. In Louisiana, the right of privacy may be invaded in one of four ways: "1) misappropriation of a person's name or likeness; 2) intrusion upon physical solitude or seclusion; 3) placing a person in a false light before the public; and 4) unreasonable public disclosure of embarrassing private facts." *Sapia v. Regency Motors of Metairie, Inc.*, 276 F.3d 747, 751-52 (5th Cir. 2002). "A privacy violation is actionable in Louisiana only when a defendant's conduct is unreasonable and seriously interferes with plaintiff's privacy interests." *Id.* at 752.

Aside from the fact that Glover's allegations do not clearly fall into any one of the above categories, he has failed to allege any facts indicating that his privacy interests were seriously interfered with. The paragraphs of Mr. Glover's complaint covering the alleged privacy act violation present a rambling list of factual allegations, none of which relate to his interest in privacy. (Rec. Doc. No. 1 at 5). Thus, as the complaint only contains a conclusory allegation that his privacy rights were violated, this claim must be dismissed.

   2. *Slander and Libel*

Plaintiff alleges that the S&WB committed slander and libel by creating an illegal account and giving legal possession of property to a third party. Under Louisiana law, defamation is

7

committed either by libel or slander. *Hardesty v. Waterworks Dist. No. 4 of Ward Four*, 954 F. Supp. 2d 461, 475 (W.D. La. 2013). Defamation, according to Black's Law Dictionary, is "[t]he act of harming the reputation of another by making a false statement to a third person." "Libel is defamation which is expressed by print, writing, pictures or signs, while slander is communicated by oral expressions or transitory gestures." *Id*. (quoting *Cluse v. H&E Equip. Servs., Inc.*, 09-574 (La. App. 3 Cir. 3/31/10); 34 So. 3d 959, 970.) (internal quotations omitted).

Here, Plaintiff's accusations do not fall under either type of defamation as he does not allege the communication of a false statement in any form. Rather, all Glover asserts is that the S&WB created an "illegal account" and gave legal possession of property to a third party, neither of which constitutes the communication of a false or malicious statement concerning Mr. Glover. Glover elaborates somewhat by stating that the S&WB had him arrested by giving account information to the trespasser, who then contacted NOPD. Again, though, Glover does not allege that any of the information allegedly provided by the S&WB was false. Accordingly, his slander and libel claims also fail.

3. *Glover's Remaining Claims*

Glover also asserts that the S&WB gave actual possession to "the trespasser," thus endangering his life and providing the trespasser with the financial benefits of property ownership. Even

8

taking as true the allegation that the S&WB could confer actual possession of property that it did not own or possess, Glover's claims do not fall under any cause of action of which this Court is aware.

IV. **CONCLUSION**

For the foregoing reasons, Mr. Glover has failed to adequately state any claims upon which this Court can grant relief. Accordingly,

**IT IS ORDERED** that Defendants' Motions to Dismiss are **GRANTED**.

New Orleans, Louisiana, this 16th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE

9